UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Okwuchukwu Jidoefor, | Case No. 22-cv-3147 (JRT/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States Attorney Office for the District of MN, and Andrew M Luger, | |
| Defendants. | |

---

Plaintiff filed suit on December 21, 2022. (ECF No. 1.) As of June 12, 2023, the record indicated that no answer or other pleading to the Complaint had been filed by Defendants. (ECF No. 10 at 1.) The Court issued an Order directing Plaintiff to (1) notify Defendants or their counsel immediately that they are required to answer or otherwise plead to the Complaint, or submit a stipulation for an extension of time to answer or otherwise plead within 10 days of service of the notice, and (2) if no answer or other pleading is filed by Defendants within 10 days of service of the notice, file an application for entry of default or motion for default within 30 days, or (3) advise the Court in writing of any good cause to the contrary. (*Id*. at 1-2.) Plaintiff was warned that "[f]ailure to comply with th[e] Order may result in dismissal of this action for failure to prosecute." (*Id.* at 2.) As of the date of this Report and Recommendation, Plaintiff has failed to respond to the Order.

A dismissal for want of prosecution is part of a court's "inherent power to control its docket." *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)); *Link v. Wabash R.R.*

1

*Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Unless otherwise stated, a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984); *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008). The Eighth Circuit has stressed the importance of the sanction's proportionality to the conduct at issue. *Smith*, 526 F.3d at 405. "A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (quoting *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997)).

In this case, Plaintiff has failed to prosecute. The record indicates he has failed to comply with the Court's June 12 Order. Given Plaintiff's failure to comply, the Court concludes dismissal of Plaintiff's claims against Defendants for failure to prosecute is warranted.

Now, the Court must determine how dismissal of those claims is put into effect. *Hunt*, 203 F.3d at 527. The Court concludes that dismissal without prejudice is appropriate.

Dismissal without prejudice appropriately balances this Court's need for efficient and effective docket control with Plaintiffs' access to justice. *Id.*; *see Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (noting purpose of imposing sanctions is to deter future offensive conduct by the responsible individual and others). Plaintiff is warned that given the Court's recommendation in this matter, dismissals of future cases filed by Plaintiff may well justify dismissal with prejudice.

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's claims against Defendants be **DISMISSED WITHOUT PREJUDICE**.

Date: July __18__, 2023         *s/Tony N. Leung*
      Tony N. Leung
      United States Magistrate Judge
      District of Minnesota

      *Jidoefor v. United States Attorney Office for the District of MN, et al.*
      Case No. 22-cv-3147 (JRT/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).